# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 12-77V
(not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
|  |  |
|---|---|
| AUDREY MORGAN, | |
| Petitioner, | Filed:  July 30, 2018 |
| v. | Attorney's Fees and Costs. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*F. John Caldwell, Jr.*, Maglio Christopher & Toale, PC, Washington, D.C., for Petitioner.

*Ann Martin*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

## DECISION GRANTING IN PART FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On February 3, 2012, Audrey Morgan filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] In it, Ms. Morgan alleged that she developed gastroparesis and abdominal migrains as a result of her April 2009 receipt of the tetanus-diphtheria-acellular-pertussis ("Tdap"), Varicella, hepatitis A, and meningococcal

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act.

vaccines. Pet. at 1. An entitlement hearing was held in Washington, DC on April 24, 2017, and May 3, 2017. On December 6, 2017, I issued a Decision denying entitlement and dismissing the Petition. Decision, ECF No. 87.

Before me now is Petitioner's sole, final application for attorney's fees and costs. ECF No. 90 ("Fees App."). Petitioner requests a total of $239,127.60 (representing $179,846.90 in attorney's fees, and $59,280.70 for costs incurred) in compensation for the work of her counsel, Mr. F. John Caldwell, Jr., as well as other attorneys and paralegals. Fees App. at 1. Pursuant to General Order #9, Petitioner also indicates that while she incurred personal costs for travel in this case, they were reimbursed by Maglio Christopher and Toale, PA (the "Maglio Firm") and are thus included in the costs requested by her attorneys. *Id.* at 2.

Respondent reacted to the motion on July 26, 2018, deferring to my discretion as to whether Petitioner has met the legal standards for a final award of fees and costs. *See* Response (ECF No. 91) at 2. Respondent is otherwise satisfied that the statutory requirements for an award of attorney's fees and costs are met, and asks that I determine a reasonable award. *Id.* at 2-3.

For the reasons stated below, I hereby **GRANT IN PART** Petitioner's Motion, awarding attorney's fees and costs in the total amount of **$233,149.80**.

## ANALYSIS

### I.     A Final Award of Fees and Costs is Appropriate

I have in prior decisions set forth at length the criteria to be applied when determining if fees should be awarded for an unsuccessful claim. *See, e.g.*, *Allicock v. Sec'y of Health & Human Servs.*, No. 15-485V, 2016 WL 3571906, at *4-5 (Fed. Cl. Spec. Mstr. May 26, 2016), *aff'd on other grounds*, 128 Fed. Cl. 724 (2016); *Gonzalez v. Sec'y of Health & Human Servs.*, No. 14-1072V, 2015 WL 10435023, at *5-6 (Fed. Cl. Spec. Mstr. Nov. 10, 2015). In short, a petitioner can receive a fees award even if his claim fails, but to do so he must demonstrate the claim's reasonable basis[3] through some objective evidentiary showing and in light of the "totality of the circumstances." The nature and extent of an attorney's investigation into the claim's underpinnings, both before and after filing, is a relevant consideration. *Cortez v. Sec'y of Health & Human Servs.*, No. 09-176V, 2014 WL 1604002, at *6 (Fed. Cl. Spec. Mstr. Mar. 26, 2014); *Di Roma v. Sec'y of Health & Human Servs.*, No. 90–3277V, 1993 WL 496981, at *2 (Fed. Cl. Spec.

---

[3] Although good faith is one of the two criteria that an unsuccessful petitioner requesting a fees award must satisfy, it is an easily-met one – and Respondent does not appear to question it in this case. *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996) (in the absence of evidence of bad faith, special master was justified in presuming the existence of good faith).

Mstr. Nov. 18, 1993) (citing *Lamb v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 255, 258–59 (1991)).

Although Petitioner was not successful in pursuing her claim, I find that the matter had sufficient reasonable basis to justify a final award of fees. I do not doubt that Ms. Morgan brought her claim in a good-faith belief that her vaccinations played a causal role in her injuries. In addition, the claim possessed sufficient objective support to meet the second half of the reasonable basis test, and Respondent has not offered any argument that the claim lacked reasonable basis. Accordingly, an award of attorney's fees and costs is proper.

## II.   Calculating Amount of Final Award

I must now evaluate what amount of award is proper. In any Vaccine Program case in which fees are sought, the requested sum must be "reasonable." Section 15(e)(1). Special masters may in their discretion reduce attorney hours *sua sponte*, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992) (special master has "wide discretion in determining the reasonableness" of attorney's fees and costs).

Determining the appropriate amount of an award of reasonable attorney's fees is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[4] on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

---

[4] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983).

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349 (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)). This "Davis" exception is inapplicable here, however, because I have previously found the attorneys in question should receive forum rates.

Petitioner asks that I compensate various Maglio Firm attorneys and paralegals at the following rates: For Mr. Caldwell, $300 per hour for work performed between 2011 and 2015, $356 per hour for work performed in 2016, $367 per hour for work performed in 2017, and $391 per hour for work performed in 2018; for Mr. Joseph Vuckovich, Petitioner requests $313 per hour for work performed in 2017 and $323 per hour for work performed in 2018; for Ms. Cecelia Stultz, Petitioner requests $250 per hour for work performed in 2017; and for various paralegals, requested rates range between $95 to $145 per hour, depending on the paralegal and the year the work was performed. Fees App. Ex. 85 at 37-38.

I have previously found attorneys from the Maglio Firm to be entitled to in-forum rates. *See, e.g.*, *Dezern v. Sec'y of Health & Human Servs.,* No. 13–643, 2016 WL 6678496 (Fed. Cl. Spec. Mstr. Oct. 14, 2016). This determination is also consistent with decisions issued by other special masters. *See, e.g.*, *O'Neil v. Sec'y of Heath & Human Servs.*, No. 08–243V, 2015 WL 2399211 (Fed. Cl. Spec. Mstr. Apr. 28, 2015).

Turning to the rates requested for Mr. Caldwell, I find them to be reasonable with one exception. Petitioner asks that Mr. Caldwell be compensated at a rate of $391 per hour for work performed in 2018. Although I have previously not had the chance to consider Mr. Caldwell's rate increase for 2018, other special masters who have considered this proposed rate have found it to be too high. *See Witte v. Sec'y of Health & Human Servs.*, No. 12-462V, 2018 WL 3082963, at *3 (Fed. Cl. Spec. Mstr. May 22, 2018) (awarding Mr. Caldwell $375 per hour after analysis of the Producer Price Index –Offices of Lawyers ("PPI-OL") and Mr. Caldwell's experience); *Roetto v. Sec'y of Health & Human Servs.*, No. 16-18V, 2018 WL 3031026, at *2 (Fed. Cl. Spec. Mstr. Mar. 29, 2018) (awarding Mr. Caldwell $385 per hour based on same factors). I agree with the reasoned analysis of these special master. Therefore, I will compensate Mr. Caldwell at a rate of $385 per hour, a rate more in line with the PPI-OL calculation. Because Mr. Caldwell billed for 3 hours in 2018, this results in a reduction of **$18.00**.

Mr. Vuckovich requests compensation in the amount of $313 per hour for 2017, and $323 per hour for 2018. He has been practicing law since 2008, and has been involved in Vaccine Program cases since 2016. Accordingly, Mr. Vuckovich may be awarded $230-$307 for work performed in 2017 and $291-$370 for work performed in 2018. In light of this, I will compensate Mr. Vuckovich $290 per hour for work performed in 2017 and at $300 per hour for work performed in 2018. Because Mr. Vuckovich billed for 52.4 hours in 2017 and 0.2 hours in 2018, this results in a reduction of **$1,209.80**.

Ms. Stultz has been awarded different amounts in the past for work performed in 2017. *Compare Goner v. Sec'y of Health & Human Servs.*, No. 15-1508V, 2017 WL 7385318, at *1 n. 3 (Fed. Cl. Spec. Mstr. Sept. 5, 2017) (awarding Ms. Stultz $250 per hour for 2017) *with Schultz v. Sec'y of Health & Human Servs.*, No. 13-1018V, 2017 WL 5710585, at *2 (Fed. Cl. Spec. Mstr.

4

Nov. 2, 2017) (reducing Ms. Stultz's rate to $230 per hour for 2017). Ms. Stultz began practicing law in 2013, giving her 4 years of experience in 2017, which corresponds to a *McCulloch* range of $230-$307. However, her requested rate of $250 per hour places her in the lower range of this spectrum, which I find reasonable given her relative inexperience overall. I will therefore compensate Ms. Stultz at her requested rate of $250 per hour.

Finally, the rates sought for various paralegals (ranging from $95 to $145 per hour) appear to be reasonable and are all within the prescribed *McCulloch* range for paralegals for the appropriate years. Thus, no adjustment is required for these rates.

Additionally, the overall hours spent on this matter appear (612.8) to be reasonable. Despite the length of time this case was pending, this is the first application for attorney's fees sought in this case (which was filed early in 2012), and the billing record indicates that work actually began in August 2011. Additionally, Petitioner proffered two expert witnesses and a total of three expert reports, and the matter required a two days for the entitlement hearing. Thus, although the number of hours billed is large, I find it to be reasonable, especially in light of the fact that Petitioner has not filed any interim attorney's fees motions. I have reviewed the submitted documentation and do not find any entries to be objectionable, and Respondent also has not pointed to any particular entry as objectionable. Accordingly, based on the rates determined, I will award Petitioner a total of **$178,619.10** in attorney's fees plus paralegal costs. This is based on the following rates for attorneys:

- For Mr. Caldwell
  - 2011: 15.3 hours billed at $300 per hour = $4,590.00;
  - 2012: 28.2 hours billed at $300 per hour = $8,460.00;
  - 2013: 9.6 hours billed at $300 per hour = $2,880.00;
  - 2014: 31.5 hours billed at $300 per hour = $9,450.00;
  - 2015: 67.3 hours billed at $300 per hour = $20,190.00;
  - 2016: 4.6 hours billed at $356 per hour = $1,637.60;
  - 2017: 252.2 hours billed at $367 per hour = $92,557.40;
  - 2018: 3 hours billed at $385 per hour = $1,155.00.

- For Mr. Vuckovich
  - 2017: 52.4 hours billed at $290 per hour = $15,196.00;
  - 2018: 0.2 hours billed at $300 per hour = $60.00.

- For Ms. Stultz
  - 2017: 31.7 hours billed at $250 per hour = $7,925.00.

- **Total Amount for Attorneys (excluding paralegal costs): $164,101.00**

I will next turn to costs. Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests that her two experts, Dr. Eric Gershwin and Dr. John Santoro, each be paid $500.00 per hour for their time spent conducting research, preparing expert reports, and testifying at the entitlement hearing. I have previously considered Dr. Gershwin's rates, and have awarded him $500 per hour as requested. *See Kostal v. Sec'y of Health & Human Servs.*, No. 17-193V, 2018 WL 1835209, at *5 (Fed. Cl. Spec. Mstr. Feb. 21, 2018); *Hogan v. Sec'y of Health & Human Servs.*, No. 13–780V, 2017 WL 3585648, at *4 (Fed. Cl. Spec. Mstr. July 24, 2017); *Rosof v. Sec'y of Health & Human Servs.*, No. 14–766V, 2017 WL 1649802, at *4 (Fed. Cl. Spec. Mstr. Mar. 31, 2017); *I.H. v. Sec'y of Health & Human Servs.*, No. 13–766V, 2016 WL 7666536 (Fed. Cl. Spec. Mstr. Dec. 16, 2016). Considering Dr. Gershwin prepared an expert report and also testified at the entitlement hearing, I find the hours billed to be reasonable as well.

By contrast, I have considered the hourly rate of Dr. Santoro, but found that $400.00 per hour is an appropriate rate. *See Carda on behalf of G.J.C. v. Sec'y of Health and Human Servs.*, No. 14-191V, 2017 WL 1709707, at *2 (Fed. Cl. Spec. Mstr. Mar. 23, 2017). Other special masters have also reduced Dr. Santoro's rate to $400. *See Ploughe v. Sec'y of Health & Human Servs.*, No. 14-626V, 2017 WL 4455632, at *4 (Fed. Cl. Spec. Mstr. Sept. 11, 2017). I will therefore reduce Dr. Santoro's rate (consistent with my past decisions) and will compensate him at $400.00 per hour for the 47.5 hours of work performed, resulting in a deduction of **$4,750.00**.

Concerning non-expert costs, Petitioner has provided ample documentation of these costs and a quick review does not reveal any of them to be unreasonable. Therefore, the remaining costs, incurred as a result of medical record collection and travel, will be awarded in full. Accordingly, Petitioner shall be awarded a total of **$54,530.70** in costs.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$233,149.80** (representing $178,619.10 in

attorney's fees and $54,530.70 in costs) as a lump sum in the form of a check jointly payable to Petitioner and her counsel, Mr. F. John Caldwell, Jr. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.